UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-10843-NMG |
| ) | |
| MICHAEL CORSINI, ) | |
| ) | |
| Respondent. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Michael Corsini, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1. Respondent admits that the petitioner's conviction was in the Superior Court for Plymouth County. Further answering, the respondent states that the location within Plymouth County in which the petitioner was convicted was Brockton, Massachusetts, and states that the correct current address for the Plymouth County Superior Court in Brockton is 72 Belmont Street, Brockton, Massachusetts 02301.

2. The respondent admits that the date of the judgment of conviction under attack is December 18, 2002.

3. The respondent admits that the petitioner was sentenced to serve a term of no fewer than five (5) years and no more than seven (7) years. Further answering, the respondent states that the petitioner was also sentenced to five additional terms of 5-7 years, each of which is to be served concurrently with the first sentence. The respondent is without knowledge or

information sufficient to permit him to either admit or deny the allegation that five years of the sentence was mandatory to be served, and calls upon the petitioner to prove same.

4. Denied. Further answering, the respondent states that the petitioner was charged with two counts of unlawful distribution of a class B controlled substance, in violation of M.G.L. 94C, § 32A(c); two counts of unlawful distribution of a class B controlled substance, subsequent offense, in violation of M.G.L. 94C, § 32A(d); one count of unlawful possession of a class B controlled substance with the intent to distribute, in violation of M.G.L. 94C, § 32A; and one count of unlawful possession with intent to distribute a class B substance, subsequent offense, in violation of M.G.L. 94C, § 32A(d).

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a). The respondent admits that the petitioner appealed his conviction to the Massachusetts Appeals Court, and that the docket number of this appeal was 2003-P-820.

9(b). Admitted.

9(c). The respondent admits that the decision of the Massachusetts Appeals Court with respect to the petitioner's appeal was dated October 21, 2004. Further answering, the respondent states that the citation for the Appeals Court's decision is *Commonwealth v. Ramon T. Rodriquez*, 62 Mass. App. Ct. 1107 (2004)(table). A copy of this decision is attached to the supplemental answer, filed herewith.

9(d). The respondent admits that the petitioner's brief to the Massachusetts Appeals

Court raised the issue that the trial judge gave the wrong date of one of the offenses during his charge to the jury.  The respondent otherwise denies the allegations contained in paragraph 9(d) of the petition for a writ of habeas corpus.

    9(e)(1).  Admitted.

    9(e)(2).  Admitted.

    9(e)(3). The respondent admits that the decision of the Massachusetts Supreme Judicial Court denying the petitioner's application for leave to seek further appellate review was dated March 30, 2005.  Further answering, the respondent states that the citation for the Supreme Judicial Court's decision is *Commonwealth v. Ramon T. Rodriquez,* 443 Mass. 1107 (2005)(table).  A copy of this decision is attached to the supplemental answer, filed herewith.

    9(e)(4). The respondent admits that the petitioner's brief to the Massachusetts Appeals Court raised the issue that the trial judge gave the wrong date of one of the offenses during his charge to the jury.  The respondent otherwise denies the allegations contained in paragraph 9(e)(4) of the petition for a writ of habeas corpus.

    9(f).    Left blank by the petitioner.

    10.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

    11(a-b).  Left blank by the petitioner.

    11(c-d).  The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11(c-d) of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

12. The respondent admits that the grounds set forth in paragraph 12 of the petition for a writ of habeas corpus are the grounds on which the petitioner seeks relief. The respondent denies each and every allegation of fact contained in paragraph 12 of the petition for a writ of habeas corpus to the extent that said allegations contradict the state court record in this case. To the extent that paragraph 12 of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 12 of the petition for a writ of habeas corpus does not state a claim upon which relief may be granted.

13. Paragraph 13 of the petition for a writ of habeas corpus states a legal conclusion to which no reply is necessary.

14. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

15. Admitted.

16. Admitted.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which contains copies of the following documents:

1. Docket Sheet, *Commonwealth v. Ramon T. Rodriquez*, Plymouth County Superior Court Criminal Action No. 2001-00386;

2. Brief, Addendum, and Record Appendix for the Defendant-Appellant,

    *Commonwealth v. Ramon T. Rodriguez,* Massachusetts Appeals Court No. 2003-P-820;

3. Brief for the Commonwealth, *Commonwealth v. Ramon T. Rodriguez,* Massachusetts Appeals Court No. 2003-P-820;

4. *Commonwealth v. Ramon T. Rodriquez*, 62 Mass. App. Ct. 1107 (2003)(table);

5. Application for Further Appellate Review of the Defendant-Appellant, *Commonwealth v. Ramon T. Rodriguez*, Supreme Judicial Court; and

6. *Commonwealth v. Ramon T. Rodriquez,* 443 Mass. 1107 (2005)(table).

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

      Respectfully submitted,

      MICHAEL CORSINI,

      By his attorneys,

      THOMAS F. REILLY
      ATTORNEY GENERAL

      /s/  Maura D. McLaughlin
      Maura D. McLaughlin (BBO # 634923)
      Assistant Attorney General
      Criminal Bureau
      One Ashburton Place
      Boston, Massachusetts 02108
      (617) 727-2200, ex. 2857

Dated: January 27, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused a true and accurate copy of the foregoing document to be served upon the petitioner this 27th day of January, 2006, by depositing a copy in the office depository for collection and delivery of first-class mail, addressed as follows: Ramon T. Rodriguez, Bay State Correctional Center, P.O. Box 73, Norfolk, Massachusetts 02056.

                                            /s/ Maura D. McLaughlin
                                            Maura D. McLaughlin